IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>　　　　Plaintiff,<br>　-vs.-<br><br>LIBERTY MUTUAL INSURANCE COMPANY and WERNER ENTERPRISES, INC.,<br><br>　　　Defendants and<br>　　　Third-Party Plaintiff,<br>　-vs.-<br><br>DALE JENSEN and HANSER'S WRECKER COMPANY,<br><br>　　　Third-Party Defendants. | Cause No. CV-09-73-BLG-RFC<br><br>**ORDER GRANTING LIBERTY MUTUAL'S MOTION FOR SUMMARY JUDGMENT** |

**I.    INTRODUCTION**

This declaratory judgment action arises out of a fatal accident involving a semi-truck owned by Defendant and Third-Party Plaintiff Werner Enterprises, Inc. ("Werner"), insured by Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), but driven by Third-Party Defendant Dale Jensen ("Jensen"), an

1

employee of Third-Party Defendant Hanser's Trucking ("Hanser"). Plaintiff Travelers Property and Casualty Company of America ("Travelers"), Jensen and Hanser's insurer, seeks reimbursement from Liberty Mutual for over $500,000 in attorney fees, costs, and funds expended in settling an underlying wrongful death lawsuit. Pending before the Court are cross-motions for summary judgment filed by Liberty Mutual and Travelers.

## II.   FACTUAL BACKGROUND

On February 6, 2007, one of Werner's employees quit his job and abandoned his semi-truck and trailer at a truck stop near Billings, Montana. Werner contacted American Towing Association, who in turn contacted Hanser's Towing, to tow the truck to a safe location. Upon arriving at the truck stop, Hanser's employee Tom Jensen determined that the keys were inside and the truck was fully operational, and decided to drive the truck back to Hanser's, rather than tow it. On the way, Jensen made a left turn in front of an oncoming vehicle, causing a collision that killed Ida Foust.

The Foust Estate subsequently filed suit against Jensen, Hanser's, and Werner. Travelers, the insurer of Jensen and Hanser's, tendered the lawsuit to Werner and its insurer Liberty Mutual, who refused to participate. In fact, Werner filed a cross-claim for contribution and indemnity against Hanser's and Jensen in

case it was adjudged liable to the Foust Estate.  The Foust lawsuit settled through mediation, with Travelers paying the entire $500,000 settlement, plus the attorney fees and costs incurred in defending Jensen and Hanser's.  As part of the settlement, the Foust Estate dismissed with prejudice all claims against Hanser's, Jensen, and Werner.  But Werner refused to dismiss with prejudice its cross-claims against Hanser's and Jensen, in case Travelers made good on its promise to seek contribution for its expenses in settling the Foust suit.

      Travelers subsequently did so, filing this action for a declaratory judgment that Hanser's and Jensen were insureds under the Liberty Mutual Insurance policy, that the Liberty Mutual Insurance policy is primary, and that Liberty Mutual Insurance should therefore reimburse Travelers Insurance for the amount it paid to settle the underlying action.  Travelers also named Werner as a Defendant, claiming the District Court in the underlying action had determined that Werner was vicariously liable for the negligence of Hanser's and Jensen, and that Werner therefore had a duty to pay for the defense and settlement in the underlying action. Travelers's claims against Werner have since been dismissed (*Doc. 51*) and the only remaining issue is whether Liberty Mutual, rather than Travelers, is liable for

the Foust lawsuit.[1]

### III.   ANALYSIS

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). Since the material facts are undisputed and the interpretation of an insurance contract is a question of law, *Modroo v. Nationwide Mut. Ins. Co.,* 191 P.3d 389, 395 (Mont. 2008), the issue raised by these motions are appropriate for adjudication on summary judgment.

According to Liberty Mutual, the plain language of the "Deductible Endorsement Automobile Coverage" contained in the policy it issued to Werner defeats Travelers argument that it is liable for the settlement and attorney fees incurred by Jensen and Hanser's in settling the Foust suit. This endorsement provides in relevant part:

> It is agreed:
>
> 1. Our obligation to pay damages or loss under Liability Coverage, Personal Injury Protection, Uninsured Motorists Insurance or any other insurance afforded by this policy applies only to the amount of such damages or loss that exceeds a

---

[1]Werner has indicated it will dismiss its third-party claims against Jensen and Hanser's if the claims against Liberty Mutual are dismissed. *See Doc. 50, pp. 2-3.*

>    deductible amount specified in Item 1 of the Schedule below because of all coverages combined, as the result of any one "accident."
>    *****
>
> 4.   "Allocated Loss Adjustment Expense" which is the sole responsibility of the insured, shall include, but not be limited to:
>      1. Attorney's fees for claims in suit.
>      2. Court costs and other items of expense such as:
>         a) medical, expert and other witnesses at trials or hearings, stenographic costs and costs of copies of documents and transcripts, and
>         b) medical, expert, or consultant fees and expenses relating to the defense of any claim or suit . . . .
>                . . .
>
> SCHEDULE
>    Item 1: Deductible Amount $1000000 Per "accident"
>
>    Item 2: The deductibles applicable to the policies listed below shall be combined with the deductible applicable to this policy for the purpose of establishing a single aggregate deductible applicable to each "accident."

Liberty Mutual therefore argues that even if Jensen was an "insured" under its policy, it was not required to provide indemnification or defense until the loss exceed the $1 million deductible, and it should therefore be granted judgment as a matter of law as to Travelers claims against it.

Travelers offers several arguments why the deductible is not enforceable, but all of them rely on the public policy behind Montana's Financial

Responsibility Laws or the federal laws governing motor carriers to reform the plain language of Liberty Mutual's policy.  For example, the Liberty Mutual policy plainly excludes "[s]omeone using a covered auto while he or she is working in the business of selling, servicing, repairing, parking or storing 'autos' unless that business is [Werner's]."  Despite this plain language excluding coverage for Jensen and Hanser's, Travelers cites several Montana cases in which the Montana Supreme Court has used Montana's Financial Responsibility Laws to invalidate various exclusions from the definition of insured.  *See e.g. Bill Atkinson Volkswagon v. McClafferty,* 689 P. 1237 (Mont. 1984); *Iowa Mutual Ins. Co. v. Davis,* 752 P.2d 166 (Mont. 1988); *Swank v. Chrysler Ins. Corp.,* 938 P.2d 631 (1997).  Similarly, Travelers invokes *Horace Mann Ins. v. Hampton,* 767 P.2d 343 (Mont, 1989) to invalidate the Deductible Endorsement on the grounds that by giving it effect, the Liberty Mutual policy does not provide the minimum $25,000 in liability coverage required by Mont. Code Ann.

 First, none of these cases involve a deductible or a self-insured retention.  Most importantly, the purpose of mandatory liability insurance is to protect innocent members of the general public injured on the highways through the negligence of financially irresponsible motorists.  *Horace Mann Ins.*, 767 P.2d at 344.  Here, the innocent motorist has already been compensated by the party who

6

in all fairness should pay–the tortfeasor's insurer. Further, Werner is not financially irresponsible. It is self-insured for $1 million and has excess liability coverage up to $4 million.

Moreover, the MCS-90 Endorsement[2] is inapplicable in this case. Travelers argues the MCS-90 Endorsement imposes coverage for $1 million that cannot be obviated by any provision in the Liberty Mutual policy, but since the purpose of the MCS-90 Endorsement is to assure that injured members of the public are protected from negligent authorized interstate carriers, it cannot be invoked by one insurer over another. *Clarendon Nat'l Ins. Co. v. Certain Underwriters At Lloyd's, London,* CV-08-95-DWM-JCL (D.Mont. 2010)(*Doc. 122, at p. 27*), adopted by Order (*Doc. 127*) dated June 9, 2010, *citing John Deere Ins. Co.,* 229 F.3d at 857 (9th Cir. 2000), *Carolina Casualty Ins. Co. v. Underwriters Ins. Co.*, 569 F.2d 304, 313 (5th Cir. 1978).

Under these circumstances, there are no grounds for invoking the public policy underlying mandatory liability insurance to rewrite an insurance policy that is plain on its face. Under Montana law, the terms and words used in an insurance

---

[2] Federal law mandates the MCS-90 Endorsement," which is designed to eliminate the possibility of denial of coverage by an insurer based upon an excess "other insurance" clause or other limiting provisions contained in the policy. *John Deere Ins. Co. v. Nueva*, 229 F.3d 853, 855 n.3 (9th Cir. 2000).

contract are to be given their ordinary meaning and construed with common sense. *Mitchell v. State Farm Ins. Co.,* 68 P.3d 703, 709 (Mont. 2003). Adopting Travelers's arguments would violate this rule and transfer liability from the tortfeasor's insurer to the insurer of an innocent party who was not paid premiums to insure this type of risk. Such an absurd result cannot be required by laws intended to protect innocent members of the public from financially irresponsible and negligent motorists.

For those reasons, Liberty Mutual's motion for summary judgment (*Doc. 20*) is **GRANTED** and Travelers's motion for summary judgment (*Doc. 27*) is **DENIED.**

The Clerk of Court is directed to wait to enter judgment until Werner dismisses its third-party claims against Hanser's and Jensen so that one comprehensive judgment can be entered.

Dated this 21st day of December, 2010.

> */s/ Richard F. Cebull*\_\_\_\_\_
> Richard F. Cebull
> United States District Court